**Frederick WINN, Executor of the Estate of Marguerite Winn, Plaintiff, Appellee,**

v.

**LAFAYETTE TOWN HOUSE, etc., Defendant, Appellant.**

No. 87–1828.

United States Court of Appeals, First Circuit.

Heard Jan. 7, 1988.

Decided Jan. 27, 1988.

John S. Whitman with whom Richardson & Troubh, Portland, Me., was on brief, for defendant, appellant.

Rita M. Farry with whom Greenberg & Greenberg, Portland, Me., was on brief, for plaintiff, appellee.

Before BOWNES, ALDRICH and TORRUELLA, Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

During trial of this run-of-the-mill slip and fall case plaintiff asked such highly improper questions that the court, though stating it would not grant a mistrial, indicated its doubts whether the prejudice could be eradicated from the minds of the jury.[1] The trial continued, and in due course, in answer to special questions, the jury found that defendant had been negli-

---

1. "I find that the questions asked are clearly improper and that reasonable counsel would have known that, and I find that the questions individually and certainly collectively inject an element into the jury's consideration here that we have no control over and no ability to monitor, and that the result of that is a high likelihood that a verdict will be returned on the basis of consideration of prejudicial and significant at least, and I think important, factual predicates."

gent and that plaintiff had not been negligent, and assessed damages at $45,000. Defendant filed the following motion.

Now comes the Defendant, Lafayette Town House, pursuant to F.R.Civ.P. 59, and moves the Court to set aside the jury verdict rendered on April 27, 1987 and grant a new trial on the issue of liability only.

In denying this motion the court stated that it would unhesitatingly grant a new trial on all issues, had defendant requested it, but that it could not grant one on less than all. We quote from its opinion, with numbers inserted for subsequent reference.

[1] Any relitigation of the issue of liability will necessarily reopen the issue of Plaintiff's comparative fault. [2] This Court has previously held that the proper application of Maine's comparative negligence statute, 14 M.R.S.A. § 156 (1980), requires that issues of liability and damages be tried to the same jury.

[3] Since the dollar value of Plaintiff's damages must be based on the equitable judgment of the jury, [4] once the Court allows a new jury to reassess the comparative fault of the parties, the Court must also allow that jury to reevaluate Plaintiff's damages in light of its findings on the issue of liability. [5] This is particularly true in this case where plaintiff was found to be not at fault. [6] If the comparative fault balance is changed during any retrial of the liability issue, Defendant will undoubtedly ask that the prior $45,000.00 award be reduced by the percentage of comparative fault attributable to Plaintiff. [7] Such a reduction, however, is expressly precluded by the Maine Statute. [8] Even if Defendant were merely to ask that the new jury adjust the prior award in light of its findings on liability, the imposition of a $45,000 benchmark would constitute an unwarranted intrusion.

Each of the numbered sentences calls for comment.

1. Whether defendant requested relitigation of plaintiff's contributory negligence depends on the proper meaning of "liability." It may be thought ambiguous. In this court defendant says it always meant to reopen only its own negligence. However, since, under the Maine statute, *post*, a defendant can defeat liability even if negligent by proving plaintiff equally, or more, negligent, the court might, as it did, assume that defendant intended to reserve this second string to its bow.[2] For reasons we will come to, however, the court's ultimate result was wrong, whichever interpretation as to plaintiff's negligence is adopted.

2. This is a correct proposition, but is not applicable here.

3. The Maine comparative negligence statute, 14 M.R.S.A. § 156 (1980), is not a percentage-reduction statute like the F.E. L.A., to which we are more accustomed, 45 U.S.C. § 51 *et seq.*, or the Massachusetts statute, which calls for a percentage reduction, but with sudden death if plaintiff's contributory negligence exceeds 50%, Mass. G.L. c. 231 § 85, but calls for the jury to make a "just and equitable" reduction, with sudden death if plaintiff's negligence is equal to, or greater than, defendant's. Normally the same jury must decide liability and damages, since the equitable adjustment must be made in terms of comparative fault. *See Jackson v. Frederick's Motor Inn*, 418 A.2d 168 (Me.1980). While a special question might be put calling for a recitation of the degree of equitable reduction found by the jury, a damage finding, absent such might be meaningless for future purposes. That, however, is not this case, as there was, in fact, a special finding, although in another respect.

4. and 5. This is the nub of the court's reasoning, and it has a flaw. It is precisely when the jury has found there was no contributory negligence that there is a meaningful finding, viz., of total damages. Consequently, unless it has some independent flaw, *see post*, it is a damage finding

---

**2.** While this broader alternative is technically possible, the more restricted reading of the motion seems perhaps more natural. In any event, counsel's assertion here that he did not contend below for the broader one was not contradicted.

retainable, and fully transferable, as an adjudication between the parties.

6. The reasons for the court's prognostication is unknown. There is no statutory basis for a percentage, as the court itself pointed out in 7.

8. This is a plain mistake. The total damage, which the $45,000 finding represents, is exactly what, under the statute, the second jury should equitably reduce if it finds negligence on plaintiff's part. There are, in other words, no inextricable considerations.

In sum, this is a classic case for the application of the rule that there should be only a partial retrial when other issues have been properly determined. It was an abuse of discretion for the court to order a second trial of the total damages. *Bosse v. Litton Unit Handling Systems, Etc.*, 646 F.2d 689 (1st Cir.1981); *Crane v. Consolidated Rail Corp.*, 731 F.2d 1042 (2d Cir. 1984). If the new jury finds defendant was not negligent, that will be the end of the case. If it finds defendant negligent, and plaintiff free of negligence, the $45,000 damage finding should stand. If it is permitted to find contributory negligence, and does so, then it should determine the amount by which the $45,000 figure should be equitably reduced, based on comparative fault. There is, in other words, no necessity of a retrial of plaintiff's damages, apart from this equitable adjustment, if any, which is strictly a liability matter.

Faced in oral argument with our expressions in this direction, plaintiff pointed to the court's statement that it had "no way of knowing whether [plaintiff's counsel's misconduct] also infected the jury's determination of damages." We are somewhat puzzled. Nothing in the opinion suggests that the court thought the $45,000 figure so low as to be legally inadequate. If the amount was affected by plaintiff's putting in a more appealing case on liability than she should have and the effect was to increase the damages, defendant has waived this. If, somehow, it caused the jury to return a smaller figure, short of a total miscarriage of justice it would be ironic that a party whose counsel asked questions that no reasonable counsel could think proper, *see ante*, be given a new trial to seek a larger verdict. Absent the most unusual circumstances, this should not be permitted. There are none here.

In view of the court's finding that counsel's misconduct so infected the verdict that there should be a new trial, and our conclusion that defendant's limited motion called for the appropriate extent, we remand with instructions that it be granted. The only remaining question is whether the new trial on liability should exclude inquiry as to plaintiff's own negligence. Since defendant disclaims such, it is so ordered.

*Reversed.*